In the solicitor's argument to the jury he stated: "He's lucky he's not on trial for murder in the first degree."

The court overruled objections interposed by appellant's counsel to this statement.

In the case of Sisk v. State, 22 Ala.App. 368, 115 So. 766, 767, the solicitor in his argument to the jury used these words: "If there is any doubt to be given the defendant, the grand jury, in my judgment, has already given it to him in indicting him for murder in the second degree instead of murder in the first degree."

In response to this question this court, through Judge Rice, stated: "We think this was not without the bounds of legitimate argument. It simply expressed the opinion of the solicitor as to the effect of the evidence."

A fair interpretation of the remarks under consideration in the case at bar leads to the unquestioned conclusion that the bounds of legal or proper argument were not overreached. It did not include a statement of facts not supported by the evidence, but a mere expression of opinion by the attorney which an inference from the testimony justified. Treadwell v. State, 168 Ala. 96, 53 So. 290; Childress v. State, 86 Ala. 77, 5 So. 775.

We have endeavored to discuss all questions presented by the record. The case was tried with evident care and caution, and the judgment of the primary court is due to be affirmed. It is so ordered.

Affirmed.

Hal W. Howard and D. G. Ewing, both of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon the trial of this appellant under an indictment which charged him with assault to murder, he was convicted of an assault upon the alleged injured party and the jury fixed his fine at two hundred dollars. Failing to pay the fine and costs, or to confess judgment therefor, the court, as the law requires, duly sentenced him to hard labor for the county, the term thereof being fixed by the Statute. The trial court also sentenced him to six months hard labor for the county as additional punishment.

The testimony adduced upon the trial consisted of that for the State. It was not in conflict and was ample in our opinion to support the judgment of conviction from which this appeal was taken.

After a careful examination of the entire evidence and incidents of the trial we find no error in any ruling of the court and the record proper is without error apparent thereon. It would serve no purpose to discuss at length the few exceptions reserved to the court's rulings.

The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

20 So.2d 56

### CRAWFORD v. STATE.

6 Div. 144.

Court of Appeals of Alabama.

Dec. 12, 1944.

20 So.2d 57

### COUCH v. STATE.

4 Div. 867.

Court of Appeals of Alabama.

Dec. 12, 1944.